

**Dated: November 1, 2016**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                          )
                                                )
KHRISHNA KUMAR AGRAWAL,          )          Case No. 16-11253-JDL
                                                )          Involuntary Chapter 7
              Putative Debtor.          )

### MEMORANDUM  OPINION AND ORDER RESOLVING CERTAIN
### LEGAL STANDING ISSUES IN INVOLUNTARY CASE

### I. Introduction

Before the Court are two discrete, yet multi-faceted legal "standing" questions pertaining to the involuntary bankruptcy petition that was commenced on April 4, 2016, against the putative debtor, Krishna Kumar Agrawal ("Agrawal").   In other words, before the above-referenced case is even permitted to go to an evidentiary hearing on the merits of the involuntary petition - to determine whether Agrawal is or is not generally paying his debts as they become due pursuant to 11 U.S.C. § 303(h)(1)[1] - there is a question that

---

[1]  Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

must be answered as to whether the involuntary petition was, in fact, commenced by: (a) three or more entities, (b) each of which is the holder of a claim against Agrawal that is not contingent as to liability or the subject of a "bona fide dispute as to liability or amount."  11 U.S.C. § 303(b).  There is no issue as to whether the involuntary petition was commenced by three or more creditors, as the involuntary petition was initiated by four Petitioning Creditors.  [Doc. 1].

From the pleadings in the case, it appears that all four Petitioning Creditors were involved in state court litigation against Agrawal.  Following the Scheduling Conference conducted on July 14, 2016, the Court, on July 15, 2016, entered its *Order Setting Evidentiary Hearing* on the Petitioning Creditors' Involuntary Chapter 7 Petition requesting all parties to submit a summary of the state court proceedings giving rise to any judgments entered in favor of the Petitioning Creditors as well as briefs containing legal authority supporting their respective contentions as to whether a bona fide dispute does or does not exist pursuant to 11 U.S.C. § 303(b)(1) (the "*Order*") [Doc. 40].

In response to the Court's *Order,* Agrawal submitted *Debtor's Overview of What the Proof Will Show and Supporting Authority ("Agrawal's Response")* [Doc. 43], arguing that the Petitioning Creditors' claims are contingent as to liability or the subject of a bona fide dispute as to liability or amount, and that the Petitioning Creditors "cling to certain judgments obtained by fraud, and they unlawfully seek for this Court's protection from state courts' examination to (sic) decisions as to whether or not their conduct was fraudulent." The Petitioning Creditors responded to the Court's *Order* by filing their *Summary of State Court Proceedings Giving Rise to the Claims of the Petitioning Creditors and Legal*

*Authority Regarding Non-Existence of Bona Fide Dispute* ("*Creditor's Response*") [Doc. 44], in which they assert that all four Petitioning Creditors are holders of state court judgments against Agrawal, some of which judgments have not been appealed and others appealed but not stayed on appeal. The *Creditor's Response* concludes that as a result of the judgments, both not appealed or not stayed on appeal, the Petitioning Creditors' claims are not contingent as to liability or the subject of a "bona fide dispute as to liability or amount."

## II. Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b). Reference to the Court of this contested matter is proper pursuant to 28 U.S.C. § 157(a). The determination of whether an order for relief should be entered in an involuntary bankruptcy case is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A).

## III. Burden of Proof

In order to file an involuntary petition in bankruptcy, a creditor must be "a holder of a claim against [the alleged debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. § 303(b)(1). The burden of proof lies with the petitioning creditors to establish a prima facie case that their claims are not subject to a bona fide dispute. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543-44 (10th Cir. 1988). The burden then shifts to the alleged debtor to present evidence of a bona fide dispute. *Id*. In addition, before a bankruptcy court may enter an order for relief in an involuntary proceeding, it must find that "the debtor is generally not paying such debtor's

debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount." § 303(h)(1). The petitioning creditors carry the burden of proof to show that a debtor is generally not paying its debts as they become due. *Bartmann*, 853 F.2d at 1546; *In re Harmsen*, 320 B.R. 188, 197 (10th Cir. BAP 2005).

### IV. Background - The Claims of the Petitioning Creditors

To say that the litigation and relationship between the Petitioning Creditors and Agrawal has a long, complicated and acrimonious history is an understatement.[2] The litigation between some of the Petitioning Creditors and Agrawal goes back nearly a decade, has consumed thousands of pages of pleadings, and involved numerous state court appeals. The Court need not discuss in detail the history of the litigation; rather, the Court will, as it instructed the parties in its Order, address whether any of the Petitioning Creditors' claims are represented by final judgments or unstayed appeals of those judgments.

1. *The Claim of CO&G Production Group, LLC* (*"CO&G"*). In 2008 litigation was commenced in Tulsa County, Oklahoma, in the case styled "*OnLine Oil Inc., et al. v. CO&G Production Group, LLC, and Jerry Parent*, Case No. CJ-2008-6839". [Doc. 44-3]. *CO&G* brought third-party claims against Agrawal and others. On December 5, 2013, the District Court of Tulsa County entered its *Final Journal Entry of Judgment* against Agrawal and others for, in addition to declaratory and injunctive relief, actual damages in the amount of $5,508,689.89, and punitive damages in the same amount. [Doc. 44-4]. The trial court

---

[2] For example, the docket sheet in the Tulsa County Court litigation involving Petitioning Creditor CO&G Production Group LLC, of which this court may take judicial notice, spans eight years and comprises 232 pages. [Doc. 44-3].

overruled the motions to vacate the judgment filed by Agrawal and the other judgment debtors.  Agrawal and the other judgment debtors have appealed the judgment to the Oklahoma Supreme Court (Appellate No. DF-112681), but no appellate bond has been posted or other steps to stay enforcement of the judgment taken, and *CO&G* has attempted to enforce the judgment by way of garnishment and execution.

2. *The Claim of Spoon Resources, LLC* ("*Spoon*"). In 2008 litigation was commenced in the District Court of Okmulgee County, Oklahoma, in the case styled "*Spoon Resources, LLC, v. Coal Gas Mart, LLC, et. al*, Case No. CJ-2008-01209". [Doc.44-5].  The docket sheet in the *Spoon* case [Doc. 44-5] reflects that a *Journal Entry of Judgment* was entered on April 3, 2009; however, while the Petitioning Creditors represent that the judgment against Agrawal was for actual damages "in excess of $10,000.00" and punitive damages "in excess of $10,000.00", a copy of the *Journal Entry of Judgment* is not included as an exhibit to *Creditor's Response* [Doc. 44], nor is it available for the public on the Oklahoma Supreme Court Network website so that this Court might take judicial notice of same.  The motion of Agrawal and the other defendants to vacate the judgment was denied.  [Doc. 44-6].  No appeal of the judgment appears to have been taken.  In this present bankruptcy case, *Creditor's Response* states that a hearing on the issue of damages to be awarded to *Spoon* above the $20,000.00 awarded in the Judgment of April 3, 2009, has not taken place due to other suits against *Spoon* and others by Agrawal as well as the filing of bankruptcy by Agrawal's affiliate companies in 2009 and 2011.  [Doc. 44 ¶ 22].

5

3. *The Claim of Acadiana Maintenance Services* ("*Acadiana*").  In 2014 *Acadiana* brought litigation against Agrawal and others in the District Court of Beaver County, Oklahoma, in the case styled "*Acadiana Maintenance Services v. Energy Production Services LLC, et al.*, Case No. SC-2014-00037.  [Doc. 44-7].  On December 14, 2015, the District Court entered its *Alias Journal Entry of Judgment* against Agrawal and the other defendants in the amount of $3,132.82, with interest at the rate of 5.25% per annum and costs.  [Doc. 44-9].  No appeal of the Judgment was taken.  [Doc. 44-7].

4. *The Claim of Great American Insurance Company* ("*Great American*").  In 2012 *Great American* brought litigation against Agrawal and others in the District Court of Oklahoma County, in the case styled "*Great American Insurance Company v. General Minerals Corp. et. al.,* Case No.CJ-2012-474".  [Doc. 44-10].  On June 21, 2013, the District Court sustained *Great American's* motion for summary judgment and entered its Journal Entry of Judgment against Agrawal and the other defendants, jointly and severally, in the amount of $31,344.92, together with costs in the amount of $363.70.  [Doc. 44-11]. No appeal was taken from the Judgment.  [Doc. 44-10].

## V.  Legal Analysis - Bona Fide Dispute

As stated in the Introduction above, the Petitioning Creditors' ability to force Agrawal into bankruptcy rests on § 303(b)(1), which provides that involuntary bankruptcy proceedings may be commenced by a petition to the bankruptcy court:

> by three or more entities, each of which is . . . a holder of a claim against [the debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount...if such non-contingent, undisputed claims aggregate at least $15,325 more than the value of any lien on property of the

6

debtor securing such claims held by the holders of such claims.

Because the Bankruptcy Code does not define "bona fide dispute," the courts have developed case law to define the phrase. The seminal case in the Tenth Circuit regarding the meaning of the term "bona fide dispute" is *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543-44 (10th Cir. 1988) (quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987)) wherein the Court adopted the following objective test of what claims are subject to a bona fide dispute as to liability or amount:

> The term "bona fide dispute" is not defined in the Code and has been the subject of much debate. We choose to adopt the standard propounded by the Seventh Circuit as to what constitutes a bona fide dispute: the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of debt. The Court need not determine the probable outcome of the dispute, but merely whether one exists. Once the petitioning creditor establishes a prima facie case that its claim is not subject to a bona fide dispute, the burden shifts to the debtor to present evidence of a bona fide dispute. Under this objective approach, the debtor's subjective intent does not control whether a claim is considered to be subject to a bona fide dispute. (Citations omitted).

See also, *In re ELRS Loss Mitigation, LLC,* 325 B.R. 604, 625 (Bankr. N.D. Okla. 2005); *In re Miller,* 2012 WL 1029534 (N.D. Okla. 2012); *In re Red Rock Rig 101, Ltd.*, 397 B.R. 545 (Table), 2008 WL 2052732 (10th Cir. BAP 2008) (unpublished opinion) (holding that "[t]he mere existence of pending litigation is insufficient to establish the existence of a bona fide dispute".).

Employing this "objective standard" to the issue of the existence of a bona fide dispute, the question becomes what is the effect of a petitioning creditor's claim being

founded upon a judgment. In other words, does an unstayed judgment (even if it is on appeal) essentially create a presumption of no bona fide dispute? Most courts hold yes. The clear majority view - the "*Drexler*" rule - is that an unstayed, non-default state judgment on appeal is not a "bona fide dispute" for purposes of § 303(b)(1). *In re Drexler*, 56 B.R. 960 (Bankr. S.D.N.Y. 1986); *accord In re AMC Investors*, *LLC*, 406 B.R. 478, 487 (Bankr. D. Del. 2009); ("The Court holds that the existence of a judgment by a court (other than a default judgment) that has not been stayed is, in and of itself, sufficient to establish that the claim underlying the judgment is not in bona fide dispute for purposes of determining whether a petitioning creditor is eligible to commence an involuntary case. No further inquiry is required."); *In re Marciano*, 708 F.3d 1123, 1126 (9th Cir. 2013); *In re Ransome Group Investors, LLP*, 424 B.R. 547, 551-52 (Bankr. M.D. Fla. 2009); *In re Euro- American Lodging Corp.*, 357 B.R. 700, 712 (Bankr. S.D.N.Y. 2007) (claim of creditor holding unstayed judgment is not contingent or subject to bona fide dispute and pendency of debtor's appeal does not create bona fide dispute because such a holding would radically alter long-standing enforceability of unstayed final judgments).

The Tenth Circuit has not directly addressed the applicability of the *Drexler* rule; however, within the Tenth Circuit in *In re C. W. Mining, Co.*, 2008 WL 4279635 (Bankr. D. Utah 2008), *rev'd sub nom* on other grounds, *In re C. W. Mining Co.*, 636 F.3d 1257 (10th Cir. 2011), the court adopted the *Drexler* rule and "the line of case law holding that an unstayed judgment, as to which an appeal is taken by the debtor, is not generally the subject of a bona fide dispute."

8

As a general rule, this Court finds that an unstayed judgment should not be deemed to be the subject of a "bona fide dispute" as to liability or amount, even if it is on appeal. That is not to say that an irrebuttable presumption always arises, just a presumption. There might be rare objective circumstances that give rise to a bona fide dispute as to liability or amount, such as where a judgment was taken when there was no service on the debtor, a judgment was inadvertently entered against a non-party, a default judgment was taken when the debtor was deprived of participation in the litigation or there was on the face of the proceedings a patent irregularity. See *In re Henry S. Miller Commercial, LLC*, 418 B.R. 912, 921 (Bankr. N.D. Tex. 2009). No such circumstances exist here.

Agrawal's *Response* does not address the legal issue of whether there exists a bona fide dispute as to liability and amount as this Court's *Order* instructed that he do, nor does it mention the legal effect of the judgments entered against him. Rather, Agrawal asserts that his "contentions are well supported on the face of his Motion to Dismiss" and "reurges and adopts by reference the Motion to Dismiss", a Motion which this Court has previously denied. The remainder of his *Response* is a reiteration of allegations which he presumably has asserted in Tulsa County Court litigation with *CO&G* and other non-Petitioning Creditor individuals. Nowhere in his *Response* does he even mention the significance of the judgments held by *Great American* and *Acadiana*. He does note that "Spoon Resources has no judgment." Of course, it does, albeit perhaps interlocutory.[3]

---

[3] In a footnote, Agrawal cites the case of *Stern v. Marshall*, 564 U.S. 462 (2011), although it is not clear for what proposition the case is being cited. In *Stern v. Marshall*, the U.S. Supreme Court held that state based common-law claims may be entitled to jury trial notwithstanding they may be deemed core proceedings. The debtor's right to jury trial on the issue of the validity of an involuntary filing is addressed, in relevant part, by 28 U.S.C. §1411(b), which provides that "[t]he district court may order the issues arising under section 303 of title 11

It is incumbent upon Agrawal, as the putative debtor, to come forward with more than the same argument which he made, or intends to make, to the judgment court and with more than a subjective belief that his argument is correct.  By his *Response*, Agrawal has simply offered to this Court his belief and argument that the District Courts simply got it wrong.   In these circumstances, allowing the bankruptcy court to inquire as to the underlying validity of the Petitioning Creditors' claims, rather than establishing an objective basis for evaluating § 303(b)(1) claims, "turns the court  into an odds maker on appellate decision-making." *In re AMC Investors*, 406 B.R. at 485.  The "full faith and credit" to which a state court judgment under 28 U.S.C. § 1738 is rendered meaningless if the bankruptcy court could treat an unstayed state court judgment differently than it would be treated in its state of origin.  If the creditor is entitled to have the judgment treated as valid in the state courts, there is no reason the bankruptcy court should be allowed to question the judgment.

Each of the claims of the four Petitioning Creditors have been reduced to state court judgments.  *CO&G's* claims against Agrawal were, to understate the situation, vigorously contested and lengthy.  The fact that part of the damages awarded to *CO&G* were based upon Agrawal and other parties "failing to cooperate in the discovery process, abusing the discovery process and violating this Court's orders . . . (and) was willful and in bad faith" does not make the judgment vulnerable to challenge as a bona fide dispute. *In re Marciano*, 446 B.R. 407, 428 (Bankr. C.D. Cal. 2010) ("Determining that a claim based on

---

to be tried without a jury." *In re Davis*, 23 B.R. 773 (9th Cir. BAP 1982); *In re Wave Energy, Inc.*, 2009 WL 2870476 (Bankr. S.D. Tex. 2009); Resnick and Sommer, *Collier on Bankruptcy*, ¶ 303.20 [4 ] (17th Ed. 2015).

a sanctions judgment is the subject of a bona fide dispute would reward the party whose conduct thwarted the policy of settling disputes on the merits."); *Drexler*, 56 B.R. at 970. The judgment in favor of *CO&G* for over $11 million was appealed but no stay sought.  The appeal has been pending since March 2014.[4]  The judgment falls within the *Drexler* rule, and is not subject to a bona fide dispute.

*Acadiana's* claim was reduced to judgment by virtue of the *Alias Journal Entry of Judgment* against Agrawal and the other defendants in the amount of $3,132.82, with interest at the rate of 5.25% per annum and costs.  [Doc. 44-9].  On its face, the Alias Journal Entry of Judgment may appear to have been taken by default as it states that "[t]he Defendant having been duly summoned and failing to appear ."  However, the docket sheet reflects that on November 14, 2014, the Defendants filed a "Special Entry of Appearance and Motion to Dismiss."  Although the image of that pleading is not available on line, it appears that the case was to some degree defended so that the judgment rendered therein cannot be deemed to be a "default judgment".[5]  No appeal of the Judgment was taken. [Doc. 44-7].  The Court finds that no bona fide dispute exists with regard to that claim either as to liability or amount.

---

[4]  *OnLine Oil, Inc. v. CO&G Production Group LLC, v. Kris Agrawal*, in the Court of Civil Appeals, State of Oklahoma, Case No. 112681 (consolidated with Case No. 112904).

[5]  The court may take judicial notice of the state court docket sheet.  *United States v. Ahidley*, 486 F.3d 1184,1192 n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Adams v. Watts,* 2009 WL 5101759 (W.D. Okla. 2009) (taking judicial notice of the public records of the District Court of Comanche County available on the Internet); *Shoulders v. Dinwiddie ,* 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R. Evid. 201).

The same is true with regard to the claim of *Great American*.  Agrawal by counsel entered an appearance in the case.  After *Great American* filed a motion for summary judgment, Agrawal filed a pleading entitled *Special Entry of Appearance of Khris K. Agrawal to Quash Service, Answer to Petition and Affidavit in Opposition to Motion for Summary Judgment.*  The District Court sustained *Great American's* motion for summary judgment and entered its *Journal Entry of Judgment* against Agrawal and the other defendants, jointly and severally, in the amount of $31,344.92 together with costs in the amount of $363.70.  [Doc. 44-11].  The judgment was clearly not a default judgment.  No appeal was taken from the Judgment.  [Doc. 44-10].  The judgment falls within the *Drexler* rule and is not subject to a bona fide dispute.

*Spoon's* judgment, although unstayed and unappealed, presents a different issue.  It appears that the court granted *Spoon* $20,000.00 in damages and set for hearing the issue of additional damages.  Not having resolved all the issues in the case, the judgment therefore appears to be interlocutory in nature and not subject to appeal.  The judgment debtors, including Agrawal, filed a motion to vacate the $20,000.00 judgment which was denied.  While this Court may view that there is little likelihood of the District Court reversing itself on the $20,000.00 judgment, it should not speculate as to what the District Court might do if the case had gone forward.

There is a split in the decisional law as to whether a petitioning creditor's claim is in dispute as to amount:  Is it sufficient if any portion of the debt is in bona fide dispute, or must the undisputed portion of the creditor's claim exceed the $15,325 set forth in § 303(b)(1)?  *See e.g., Farmers & Merchants State Bank v. Turner*, 518 B.R. 642, 652

12

(N.D. Fla. 2014); *In re Demirco Holdings Inc.*, 2006 WL 1663237 (Bankr. C.D. Ill. 2006) (bona fide dispute regarding a portion of a creditor's claim does not disqualify creditor: bona fide dispute is relevant only if it has the potential to reduce the total amount of petitioning claims below the statutory threshold); *In re ELRS Loss Mitigation, LLC*, 325 B.R. 604, 626-27 (Bankr. N.D. Okla. 2005) (because $28,000 of petitioning creditor's $83,000 claim was objectively undisputable, creditor held undisputed claim in excess of the statutory minimum and was therefore qualified petitioning creditor). This Court, however, need not address this issue. Because there is no final judgment, only the partial or interlocutory $20,000.00 judgment, and there are three other Petitioning Creditors with final judgments aggregating more than the statutorily required amount, the Court's finding that *Spoon's* claim is still subject to a bona fide dispute does not alter the fact that there are the three sufficient eligible creditors to sustain a finding of an involuntary order for relief.

## IV. Conclusion

If court documents and arguments clearly establish that a claim is or is not subject to a bona fide dispute, a trial is unnecessary to determine whether an involuntary petition is jurisdictional. *In re B.B.S.I.,Ltd.*, 81 B.R. 227 (Bankr. E.D. N.Y. 1988); *In re Elsa Designs, Ltd.*, 155 B.R. 859, 863 (Bankr. S.D. N.Y. 1993); *Cf. In re Onyx Telecommunications, Ltd.,* 60 B.R. 492, 496 (Bankr. S.D. New York 1985) (the court is free to determine factual disputes and reach the merits of a subject matter jurisdictional dispute without a formal trial). The Court has determined that three of the four Petitioning Creditors, *CO&G*, *Great American* and *Acadiana* have claims which are not subject to a

bona fide dispute as to liability and amount so as to be eligible for filing this involuntary bankruptcy as required by § 303(b)(1).

The Court will hold a trial on **November 2, 2016, at 9:30 a.m.**, for hearing evidence on the contested factual question concerning whether the Putative Debtor, Agrawal, is or is not generally paying his debts as they become due.

**# # #**