**Dated: September 28, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KHRISHNA KUMAR AGRAWAL, | ) | Case No. 16-11253-JDL |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |

### ORDER STRIKING PLEADING

On September 26, 2017, Debtor filed his *Entry of Appearance, Notice of Opportunity for Hearing and Motion for Trustee to Assist* (the "*Pleading*") [Doc. 137]. The Court is unable to discern the facts and/or the law upon which Debtor seeks relief. The Pleading consists of sixty-two (62) pages all but two of which are copies of pleadings or documents from other bankruptcy cases, State Court cases, state administrative proceedings or emails, the relevance of which to the present bankruptcy case cannot be discerned by this Court. The first page of the Pleading, while stating no facts whatsoever, seeks the following relief "from out of the blue" and which appears totally unrelated to the title of the

Pleading:

> Wherefore, for good cause shown, Debtor requests that an Order of this Court be issued to find bad faith of Ron Walker, Jerry Parent, Acadiana Maintenance Services, LLC and Christopher Holland attempting to collect money in violation of Automatic Stay and Manufacturing Judgment against Energy Production Services, LLC against the Ruling of Oklahoma Department of Labor.

Dismissal of a complaint under Fed. R. Bankr. P. 7008 or the striking of a motion is proper where the pleading is unreasonably long, rambling, and otherwise filled with irrelevant material. *Mitchell v. City of Colorado Springs, Colorado*, 194 Fed Appx. 497, 498 (10th Cir. 2006) (unpublished) (affirming dismissal of complaint for being "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts . . . completely lacking in clarity and intelligibility"); *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) (holding that a "prolix" complaint that was a "rambling narration of the discord that developed between the parties violated Rule 8(a)); *Firewood v. New Mexico's Bernalillo County Metropolitan Detention Center*, 583 Fed. Appx. 875, 876 (10th Cir. 2014) (unpublished) ("[e]ven though we must construe the pro se brief liberally...we can scarcely identify, much less evaluate, the appellants' contentions and reasons for them.").

Judge Tim DeGiusti in dismissing this same Debtor's Complaint in the District Court found, as does this Court, the Debtor's pleading "so verbose, disjointed and otherwise unintelligible that its 'true substance, if any, is well disguised.'" *Agrawal v. Houston,* CIV-16-3-D (W. D. Okla., Order 3/29/2016) (citing *In re Williams Sec. Litig.*, 339 F.Supp. 2d 1242, 1267 (N.D. Okla. 2003); *Frankie v. Midwestern Oklahoma Development Authority*, 428 F.Supp. 719, 721 (W.D. Okla.1976).

2

The Court is mindful that courts liberally construe the pleadings of individuals who proceed *pro se*. That special consideration, however, does not require the court to indulge every whim of a *pro se* litigant pursuing his claims or "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Agrawal v. Houston*, supra (citing *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). More often than not, *pro se* litigants present the court with particular concerns because they are unfamiliar with legal procedures or the formality of trial practice. *In re Cuddy,* 322 B.R. 12 (Bankr. D. Mass. 2005). Frequently, they lack a workable knowledge of the finer points of the issues being litigated. This is not true in the case before the Court.

It must be noted that the Debtor is no ordinary *pro se* litigant and is hardly in need of liberal treatment by any court. Debtor's history of extensive involvement in state and federal court litigation has been presented to the Court in prior hearings and in pleadings. Leniency has its limits, and the Debtor is not free to file pleadings which are clearly not authorized by the Court, the Bankruptcy Code and the Rules. The Debtor was previously admonished in this case that if he were to continue to represent himself *pro se,* he is to follow the proper procedure required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Western District of Oklahoma and all orders entered by this Court. [Doc. 87].

Accordingly, Debtor's *Entry of Appearance, Notice of Opportunity for Hearing and Motion for Trustee to Assist* [Doc. 137] is hereby **STRICKEN,** and

**IT IS SO ORDERED.**

# # #