**Dated: October 3, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re: )
 )
KHRISHNA KUMAR AGRAWAL, ) Case No. 16-11253-JDL
 ) Involuntary Chapter 7
Debtor. )

**ORDER DENYING EMERGENCY APPLICATION**

On September 28, 2017, the Debtor filed his *Debtors* (sic) *Emergency Application for a Written Order of This Court That an Automatic Stay Is in Place Until Further Order of This Court* (the "*Application*") [Doc.140 ]. Debtor's *Application* states that "[t]here is a confusion in the legal community that in the involuntary Bankruptcy proceedings, the Automatic Stay is not available to the Debtor." The *Application* then "requests that an Order be issued that Automatic Stay is available in the Involuntary cases as it is in the Voluntary cases." Debtor's *Application* fails to state a specific, actual controversy between parties as to which this Court can grant relief.

This Court has authority to enter an order that interprets or clarifies a prior order. *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 2205 (2009). Pursuant to 11 U.S.C. § 362(j), it is also authorized to enter "comfort orders" with respect to the termination of the automatic stay under certain limited circumstances. *In re Dienberg,* 348 B.R. 482, 487 (Bankr. N.D. Ind. 2006) (comfort order is limited to termination of stay under § 362(c)); *In re Wade*, 501 B.R. 870, 875 (Bankr. D. Kan. 2013). Debtor's request does not fall into either one of these categories.

This Court "is guided by the maxim that a bankruptcy judge should not render an advisory opinion." *In re Trichilo*, 540 B.R. 547, 551 (Bankr. M.D. Pa. 2015); *Norvell v. Sangre de Cristo Development Co. Inc.*, 519 F.2d 370, 375 (10th Cir. 1975) ("It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies."); *Columbian Financial Corp. v. BancInsure Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) ("Article III has long been interpreted as forbidding federal courts from rendering advisory opinions. . . It is not the role of federal courts to resolve abstract issues of law. Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties."); *King Resources Stockholders Protective Committee v. Baer (In re King Resources Co.)*, 651 F.2d 1326, 1331 (10th Cir. 1980) ("It is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give advisory opinions on moot questions or abstract propositions."); See also, *In re Rolins Parking Lot Service, LLC,* 2017 WL 1207555 (Bankr. W.D. Okla. 2017) (unpublished) (Judge Hall).

The Debtor is requesting this Court to advise him as to the general applicability of

the automatic stay to these proceedings . The Court may not grant Debtor any type of relief because it is unnecessary to do so.[1]  Accordingly,

    **IT IS ORDERED** that the Application is hereby **DENIED.**

# # #

---

[1] For the reasons stated herein, while it would not be appropriate for the Court to grant the Debtors *Application*, for the Debtor's education and edification the Court directs him to Bankruptcy Code § 362(a).