**Dated: October 26, 2017**

**The following is ORDERED:**

Janice D. Loyd
U.S. Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KHRISHNA KUMAR AGRAWAL, | ) | Case No. 16-11253-JDL |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |
| | ) | |

**ORDER OVERRULING MOTION FOR SUMMARY JUDGMENT**

On the date above written, this matter came on for consideration upon Debtor's *pro se* stream-of-consciousness thirty-three (33) word pleading entitled *Motion for Summary Judgment and Declaratory Ruling Against Christopher Holland Since He Was Overpaid and Application to Enjoin Christopher Holland as a Creditor Since His Judgment Was Discharged in the Bankruptcy of Geo Exploration, LLC or Became Stale and Not Enforceable* filed October 5, 2017 (the "Motion") [Doc. 144].[1] No objections or other

---

[1] Despite the extraordinarily long title of the Motion, the Debtor failed to include the words "Notice of Opportunity for Hearing" mandated to be in the title by Local Rule 9013-1 (G) Debtor was reminded of this requirement in previous orders of this Court which struck the offending pleading for this very reason. [Doc. 87] . The Motion also violates Local Rule 9013-1 (B) which provides that "motions containing multiple requests for relief will not be permitted, except for certain limited exceptions" not applicable here. The Court has elected not to strike

responses to the Motion have been filed.[2]

Although the Local Rules provide that a party's failure to respond to a motion for summary judgment is deemed consent to the court granting the motion, the Court nonetheless has ruled substantively on such motions and generally does not grant dispositive motions on procedural default alone. Thus, notwithstanding a non-responding party's "consent", the Court cannot grant a motion for summary judgment based solely on Defendants' failure to respond and must consider the merits of the motion. *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Reed v. Nellcor Puritan Bennett,* 312 F.3d 1190, 1194-95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of proof demonstrating it is legally entitled to judgment under Rule 56). Debtor's Motion is rife with procedural and substantive errors[3] and will be denied.

Despite the rhetoric and verbosity, it appears to the Court that the claim asserted

---

the Motion because it anticipates the Debtor would simply refile an amended motion on the same non-sustainable grounds. The Debtor was previously admonished for his failure to follow the Local Rules, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code. [Doc. 87].

The Court takes judicial notice that on October 5, 2017, the Debtor filed the *identical* pleading, even utilizing the Bankruptcy Court style of the case, in the District Court of Oklahoma County in case number CV-2010-1171. The motion filed in the state court case even sought the recusal of *this* bankruptcy Judge. On October 20 2017, the District Court, the Honorable Richard Ogden, denied the motion.

[2] The Court notes that the Certificate of Service in the Motion reflects the the only parties served with the same were the attorney for the involuntary petitioning creditors, the Trustee and an attorney who represented the subject of the Motion, creditor Christopher Holland, in state court litigation, not this bankruptcy. A copy of the Motion was not mailed to the entire matrix.

[3] For example, Debtor cites as "Authority" for his Motion Fed. R. Bankr. P. 7003, 7058 and 7087. These Rules are applicable to adversary proceedings, not contested motion practice as is this. Fed. R. Bankr. P. 9014(c).

in the Motion can be boiled-down to the Debtor attempting to deny creditor Christopher Holland ("Holland") any claim in the bankruptcy because (1) the debt was discharged in a prior bankruptcy and (2) the debt was reduced to a judgment in state court but should not be enforced due to Holland's alleged fraud in obtaining it. As a matter of law, neither allegation states a claim upon which relief can be granted, let alone summary judgment in Debtor's favor.

First, it appears from the Motion and exhibits that the bankruptcy which purportedly discharged Holland's debt was the bankruptcy of GEO Exploration Co. LLC, Case No. 09-14024, and *not the bankruptcy of this Debtor*. Furthermore, the debtor in the prior bankruptcy was a limited liability company for which a discharge would not be granted, i.e. discharges are only available to an individual. 11 U.S.C. § 727(a)(1).[4]

Debtor also asserts that Holland violated the discharge injunction (albeit there was none) and violated the automatic stay by seeking to collect a judgment entered against the Debtor and GEO Exploration, LLC, jointly and severally, in an administrative hearing before the Oklahoma Department of Labor and perfected in the District Court of Oklahoma County in 2010. The judgment in the Department of Labor case concerned unpaid wages to Holland. There, of course, was no automatic stay in effect as to the Debtor until the filing of this involuntary bankruptcy in 2016, and there is no evidence before the Court that Holland or the Department of Labor has taken collection efforts against this Debtor since

[4] In his Motion, Debtor asserts that the "Bankruptcy Court discharged his (Holland's) wage claim in the amount of $34,350 and the penalty of $34,350 on December 14, 2012." [Doc. 144, pg. 3 ¶ 12]. The docket entry of December 14, 2012, in the Geo Exploration Co., LLC bankruptcy reflects "Bankruptcy Case Closed." The closing of a case is not equivalent to a discharge. 11 U.S.C. § 350(a).

that filing. There is no doubt that Holland, and several other defendants, are defending claims made by the Debtor in state court litigation, but merely defending an action by the debtor is not a violation of the automatic stay. *In re Bryner,* 425 B.R. 601 (10th Cir. BAP 2010) (as a matter of law defending one's rights in a state court action brought by a debtor is not a violation of the automatic stay); *In re White*, 186 B.R. 700 (9th Cir. BAP 1995). Furthermore, if Debtor asserts that Holland is violating the automatic stay in this bankruptcy he can do so by the proper procedure, filing an adversary proceeding or filing a motion for contempt, not by filing a hybrid motion for summary judgment.

Second, Debtor claims that the March 17, 2010, Department of Labor judgment is null and void since it was taken in violation of the automatic stay. If there was an automatic stay, it was the one afforded to GEO Exploration, LLC, not this Debtor.[5] If Debtor wishes to challenge the validity of a state court judgment or whether the same is unenforceable for failure to execute upon it within five years of its taking, there are appropriate means to do so; however, it is not by a motion for summary judgment. Additionally, why Debtor would object to Holland's claim in a no asset bankruptcy in which presumably the debt will be discharged anyway is, like many of the issues raised by Debtor, a mystery. Accordingly,

**IT IS ORDERED** that the Debtor's Motion for Summary Judgment etc. [Doc. 144], including Debtor's requested alternative relief of this Court recusing itself or transferring the case to another court is hereby **DENIED**.

# # #

---

[5] It appears from Debtors own pleading that perhaps there was no violation of the automatic stay. Debtor states in his Motion that "Holland never made any garnishment attempts upon this Debtor and as per Oklahoma Law, his Judgment became stale, unenforceable and considered paid." [Doc. 144, pg. 13 ¶ 25.]