**Dated: December 14, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                  )
                                        )
KHRISHNA KUMAR AGRAWAL,                 )     Case No. 16-11253-JDL
                                        )     Involuntary Chapter 7
                 Debtor.                )

### ORDER DENYING DEBTOR'S EMERGENCY MOTION TO
### ENFORCE AUTOMATIC STAY

Before the Court is another one of pro se Debtor's rambling pleadings having nothing to do with this bankruptcy but demonstrating the prophecy of Yogi Berra that "if you don't know where you're going, when you get there you will be lost."[1]  For the second time in the last two months Debtor seeks relief for matters that relate to the bankruptcy of another debtor closed more than five years ago.[2]  This matter comes on for consideration

---

[1] *Lakhany v. Khan (In re Lakhany),* 538 B.R. 555 (9th Cir. BAP 2015); Berra, *The Yogi Book: I Really Didn't Say Everything I Said*  [Workman Pub. 1999].

[2] On October 5, 2017, Debtor filed his forty-one word titled *Motion for Summary Judgment and Declaratory Ruling Against Christopher Holland Since He Was Overpaid and the Application to Enjoin Christopher Holland as a Creditor Since His Judgment was Discharged in the Bankruptcy of GEO Exploration LLC or Became Stale and Not Enforceable* [Doc. 144]. That Motion sought to bar the claim of Christopher Holland in "any Court against any individual or the business entity" because the judgment entered in his favor in state court was obtained by fraud

upon the *Debtor's Emergency Motion to Enforce the Automatic Stay and Shorten Time for Hearing* filed December 7, 2017 (the "Motion") [Doc.169].

By his present Motion before the Court, the Debtor seeks to hold the Oklahoma Corporation Commission ("OCC") in civil contempt and to impose sanctions against it for having violated the automatic stay by its filing on July 20, 2017, a *Contempt Complaint* in an administrative proceeding before the Corporation Commission of the State of Oklahoma entitled, "*Tim Baker, Director, Oil and Gas Conservation Division, Oklahoma Corporation Commission, Applicant v. GEO Exploration, LLC, an Oklahoma Limited Liability Company and Lexon Surety Company, Respondents*, Cause No. 201700127." [Motion, Doc. 169, pg. 27]. The OCC *Contempt Complaint* alleges that GEO Exploration, LLC, violated an OCC Administrative Order entered against it on July 3, 2008, together with various OCC administrative regulations and Oklahoma statutes. [Motion, Doc. 169, pg. 31].

Debtor requests that this Court (1) enter an order holding the OCC Office in civil contempt for having violated and knowingly disregarded the automatic stay; (2) providing that the OCC may cure the civil contempt by immediately dismissing its *Contempt Complaint*; (3) assessing sanctions for the OCC Office's for (sic) willful violation of the automatic stay; (4) enter an order directing that the OCC transfer any wells that GEO

---

and was discharged in the bankruptcy of GEO Exploration, LLC in the United States Bankruptcy Court for the Western District of Oklahoma, Case No. 09-14024. That bankruptcy was closed on December 14, 2012. The Motion further alleged that Holland and the Oklahoma Department of Labor violated the discharge injunction and violated the automatic stay by seeking to collect a judgment entered against the Debtor and GEO Exploration. On October 26, 2017, this Court overruled the Motion on the basis that (1) there was no allegation that Holland or the Department of Labor had sought to take collection efforts against this Debtor since the filing of the involuntary bankruptcy against him and (2) GEO Exploration was a limited liability company for which a discharge in its favor would not have been granted under 11 U.S.C. § 727(a)(1). [Doc. 149].

purchases to put in production; and (5) that a temporary and permanent restraining order be entered declaring that $7000 abandoned in the GEO bankruptcy be declared no longer an obligation of GEO. [Motion, Doc. 169 ¶ ¶ 34 – 36, 38].

It is clear that the Debtor's perceived wrongful action of the OCC does not relate to action which it took, or is taking, against the Debtor but against GEO Exploration which filed bankruptcy in 2009 and which case was closed in 2012. It is not entirely clear what relation the Debtor has to GEO Exploration. The Debtor's Motion alleges that "GEO is a wholly owned company of Agrawal" [Doc. 169 ¶ 28]; however, the Debtor's Schedules and Amended Schedules indicate no such ownership in GEO Exploration[3], and the Statement of Financial Affairs filed in the GEO Exploration bankruptcy indicate that the limited liability company was owned 100% by Debtor's daughter, Amy Agrawal.[4]  While Debtor's ownership of GEO Exploration may raise issues as to the veracity of his filings with this Court, it is of no import as to the ultimate issue here of whether the automatic stay existed in this case so as to permit the imposition of sanctions against the OCC. There is no such stay, and thus no sanctions or other relief available to the Debtor.

It is a black letter bankruptcy principle that 11 U.S.C. § 362(a) does not create a general, automatic stay of a creditor's right to assert claims against non–debtor parties who are related to the debtor in some fashion. See, e.g. *Maritime Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3rd Cir. 1991) ("the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus

---

[3] Doc. 108, pg 9, Box 19; Doc. 119, pg. 8, Box 19.

[4] Case No. 09-14024 , Doc. 1, pg. 36, Box 21.

with the debtor"); *Fox Valley Construction Workers Fringe Benefit Funds v. Pride of The Fox Masonry and Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998); *In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 616 (E.D. Pa. 2009 ) (the automatic stay applies only against the "debtor", and does not extend to protect "sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor ."); *In re Gronczewski*, 444 B.R. 526, 530 (Bankr. E.D. Pa. 2011). Similarly, the automatic stay in favor of an individual member of a limited liability company is not applicable to actions against the limited liability company itself. *In re HSM Kennewick, L.P.*, 347 B.R. 569 (Bankr. N.D. Texas 2006); *In re Calhoun,* 312 B.R. 380 (Bankr. N.D. Iowa 2004). In short, there is no automatic stay in effect so as to preclude the OCC from moving forward with its *Contempt Complaint* against GEO Exploration. Additionally, there was no automatic stay or discharge injunction applicable to actions against GEO Explanation because its case was closed in 2012, and as a limited liability company it never received a discharge. Accordingly,

**IT IS ORDERED** that the *Debtor's Emergency Motion to Enforce the Automatic Stay and Shorten Time for Hearing* [Doc. 169] is hereby **DENIED**.

# # #