**Dated: January 24, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KHRISHNA KUMAR AGRAWAL, | ) | Case No. 16-11253-JDL |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |

### ORDER DENYING DEBTOR'S MOTION FOR MISCELLANEOUS RELIEF

This matter is before the Court on another of the Debtor's discursive and incoherent pleadings titled *Motion to Require Disclosure of Assets and to Recover Them and to Turn Over the Matter of Theft to the U.S. Attorney General for Further Action* (the "Motion") [Doc. 189]. Nevertheless, based on a solicitous reading, the Court discerns the Debtor's Motion seeks several requests for relief:

(1) That certain individuals "should be investigated by the U.S. Attorney General for possible Grand Jury Indictment due to conspiracy of forgery, perjury, bribery, fraudulent conveyance, unauthorized sale of

secured, mortgaged personal property . . . and selling the Assets of the Debtors (sic) Estate without authorization from the Trustee or the Court . . . and initiating Sheriff sales to steal whatever they could steal."

(2) The Court should "commence this adversary proceedings (sic) to recover assets of non-bankrupts and his own."

(3) "There is no law to control the creditor's miss conduct (sic), except to punish them." and

(4) That the "bankruptcy court hold contempt hearings and require Jerry Parent and Ron Walker of CO&G to disclose whereabouts of Assets they stole and sold to who with their name and addresses who could be joined in to recover the assets and be turned over to Law Enforcement lacking authority of this Court." [Doc. 189, pg. 34-35].

While the Motion violates the Local Rules of this Court on several grounds and should be stricken on that basis alone,[1] its major infirmity, besides being largely incomprehensible, is that it does not provide a basis for this Court affording the Debtor any relief.

## Discussion

### I.

Under the first claim for relief stated above, Debtor appears to be requesting the

---

[1] The Motion does not contain "notice of opportunity for hearing" language required under Local Rule 9013-1(G); it combines multiple claims for relief in violation of Local Rule 9013-1(B) and violates the twenty (20) page limitation under Local Rule 9013-1(C) (the Motion is 35 pages with 236 pages of exhibits). Despite being admonished on several occasions about complying with the Local Rules, Debtor continues to ignore them.

Court to make a criminal referral to the United States Attorney pursuant to 18 U.S.C. § 3057, which states, in relevant part:

> Any judge . . . having reasonable grounds for believing that any violation occurred under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed."

Under this statute, "a court is compelled to direct the United States Attorney to investigate the facts whenever reasonable grounds exist for a belief that a violation of bankruptcy laws has occurred and that such violations have not been litigated before the bankruptcy and appellate courts." *In re Narumanchi*, 471 B.R. 35, 44 (D. Conn. 2012); *In re Parr*, 13 B.R. 1010, 1020 (E.D.N.Y. 1981).

Debtor first appears to be alleging that a criminal referral is appropriate because Ron Walker, Jerry Parent and others around 2007 wrongfully appropriated property belonging to limited liability companies with which Debtor was associated. Those claims have been, and continue to be, litigated in numerous state and federal courts. This Court has previously lifted the automatic stay to permit various lawsuits involving Walker, Parent, Debtor and various entities in which they held interests to proceed either on appeal or at the trial level. That litigation involving matters, unrelated to bankruptcy, that occurred as long as a decade ago continues today and is best resolved in the various state and appellate courts in which the matters are pending. A criminal referral by this Court must be based upon facts known to the court, not suppositions or allegations made by the Debtor or his adversaries.

3

Second, Debtor appears to be arguing for a criminal referral based upon the fact that the Petitioning Creditors in this involuntary proceeding, particularly CO&G with which Walker and Parent were associated, were not in good standing with the Oklahoma Secretary of State at the time of the filing of the involuntary petition. While not articulated as such, Debtor apparently contends the Petitioning Creditors filing of the involuntary petition while they were not in good standing constitutes a bankruptcy crime of false oath or fraud under 11 U.S.C. § 152(2), (3), (4) and ( 5). The Court disagrees. One might appropriately argue that the filing of an improvident involuntary petition might give rise to a claim for sanctions under Rule 9011 (though unlikely) or for damages under 11 U.S.C. § 303(i), but such a legal argument about the standing of the Petitioning Creditors does not give rise to criminal prosecution.[2]

## II.

Next, Debtor requests that this Court "commence this adversary proceedings (sic) to recover assets of non-bankrupts and his own." The Court is not quite sure what Debtor is even arguing ; however, if Debtor believes there are assets which the bankruptcy estate should recover from third parties, he should so advise the Chapter 7 Trustee so that the Trustee can determine whether an adversary proceeding is appropriate. It is not for this Court to "commence an adversary".

## III.

Finally, Debtor requests that the Court "hold contempt hearings and require Jerry Parent and Ron Walker to disclose the whereabouts of assets they stole . . . to be turned

---

[2] The issue of standing has been ruled upon by the Court in its *Memorandum Opinion and Order Denying Motion for Summary Judgment entered October 30, 2017.* [Doc. 155].

over to Law Enforcement . . .".   To hold a party in contempt it is necessary to show (1) a specific and valid court order existed; (2) the respondent had knowledge of that order; and (3) the respondent disobeyed that order." *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004); *Reliance Insurance Co. v. Mast Construction Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998).  None of the necessary elements for a claim for civil contempt are set forth in the Motion.  From what the Court has been able to glean from this rambling and incoherent Motion, there appears to be decade-long history of acrimony between him, Walker and Parent and numerous allegations of wrongdoing are made against Walker and Parent. However, none of those allegations assert that Walker and/or Parent violated *an order of this Court*.  Accordingly,

**IT IS ORDERED** that Debtor's *Motion to Require Disclosure of Assets and to Recover Them and to Turn Over the Matter of Theft to the U.S. Attorney  General for Further Action* [Doc.189] is hereby **Denied.**

# # #