**Dated: August 10, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KHRISHNA KUMAR AGRAWAL, | ) | Case No. 16-11253-JDL |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |

**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL**

On the date above written there came on for consideration by the Court the *Motion to Submit Injury Record to Show Paralyzed State of Agrawal Under Seal* filed by the Debtor on August 1, 2018 (the "Motion") [Doc. 272]. The Motion requests the Court to permit the filing under seal of "many photographs taken by others" of injuries sustained by the Debtor in a motor vehicle accident occurring on May 16, 2018. Presumably, Debtor wishes to use these photographs to refute allegations by the Plaintiff creditor's counsel that Debtor did not sustain the significant injuries and "paralysis" which Debtor has asserted has impaired his ability to timely file pleadings, and, presumably, is a defense to the Plaintiff's *Motion for*

*Default Judgment* in the associated adversary proceeding.[1]

We begin an analysis of whether documents should be filed under seal with the "common law ... long-standing presumption of public access to judicial records." *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 6 (1st Cir. 2005). The decision to seal court records and pleadings should not be taken lightly, and, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Gitto*, 422 F.3d at 6. The right of public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *Id*. at 7, citing *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999).

"A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). Accordingly, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Helm v. State of Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). A court can order documents sealed if the party moving for sealing is able to show "some significant interest that outweighs the presumption" in favor of open access to judicial records. *United States v. Pickard,* 733 F.3d 1297, 1301 (10th Cir. 2013) (quoting *Colony Insurance Co. v. Burke,* 698 F.3d 1222,1241 (10th Cir. 2012)). "In most cases, a judge must carefully and

---

[1] *CO&G Production Group, LLC and Spoon Resources, LLC, Plaintiffs v. Krishna Kumar Agrawal, Defendant*, Adv. No. 18-1005-JDL. In this Order the use of the terms "adversary" or "adversary proceeding" make reference to this case.

skeptically review sealing requests to ensure that there really is an extraordinary circumstance or compelling need ." *Video Software Dealers Association v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2nd Cir. 1994).

In his Motion to Seal, Debtor has not stated any reason why this Court should invoke the extraordinary relief of sealing photographs of his injuries. The only thing which Debtor states in his Motion is: "Agrawal has been blamed by unethical lawyer. He wishes to prove him wrong by submitting many photographs taken by others for injury and rehabilitation; under seal." This may be Debtor's reason for seeking the admission of the photographs, but it certainly doesn't state the reason, let alone compelling reasons, why such evidence should be sealed.

In the present case, it was the Debtor, not the Plaintiff, that first raised the issue of the injuries which he allegedly sustained in the May 2018 vehicular accident. In his *Notice of Change of Address*, as part of his pleading entitled *Jurisdiction and Venue and Notice of Opportunity for Hearing,* filed on July 6, 2018, the Debtor stated that "... I was struck by a semi truck tractor and loaded trailer on May 16, 2018 that has paralyzed me with slow recovery." [Doc. 270]. The Plaintiff first responded to the Debtor's claim of injuries and paralysis in its *Motion for Default Judgment* filed in the associated adversary proceeding on July 16, 2018, when it pointed out that between May 22 (six days following the accident) and July 5, 2018, the Debtor had filed at least six *pro se* pleadings in the District Court of Oklahoma County, the Oklahoma Supreme Court and a Complaint for personal injuries in the United States District Court for the Western District of Oklahoma. [Adv. Doc. 15, pg. 7].

When the Plaintiff filed its *First Amended Objection to Agrawal's "Jurisdiction and Venue and Notice of Opportunity for Hearing "* in the adversary proceeding on July 23, 2018, it attached as an exhibit *Debtor's Application to Consider Late Filing Brief in Chief of Appellant* which Debtor had filed in the Tenth Circuit on June 6, 2018, which stated, in part, "On May 16, 2018, Agrawal was paralyzed on the right-hand side, head to foot with bleeding in brain after being struck by a semi truck at 75 mph. \*\*\* He requests an extension of 16 days to June 11, 2018, as instructed by the Doctor/Hospital for recovery of paralyzed right side of body and hand." [Adv. Doc. 21-9]. Debtor had attached to his *Application* in the Tenth Circuit part of the "Discharge Instructions" given to him by the hospital on May 17, 2018 (the day after his admission due to the accident) in which it was noted that he left the hospital "ambulatory", was "sent home with a sling", was restricted from lifting more than 10 pounds or strenuous activity for one week and was told to take only over-the-counter Tylenol or Ibuprofen as needed. There was no mention of paralysis.[2]

Having first raised the issue of his injuries, the Debtor cannot shield from the record any photographic evidence that he wishes to introduce regarding those injuries. Photographs purporting to show injuries which have been placed at issue by the Debtor

---

[2] Debtor has accused Plaintiff's counsel of violating the Health Insurance Portability and Accountability Act of 1996 (HIPAA). [Adv. Doc. 22 ¶ 7]. The Privacy Rule under HIPAA applies to health plans, healthcare clearinghouses, and any health care provider who transmits health information in electronic form. 45 C.F.R. Part 160. Plaintiff's counsel is not a "covered entity" under HIPAA; nor does Debtor have a cause of action. See *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d. 1176 (D. Wy.2001) (HIPAA did not create an express or implied private cause of action); *University of Colorado Hosp. Authority v. Denver Publishing Co.*, 340 F.Supp.2d 1142 (D. Colo. 2004); *Jennings v. Grayson* , 2017 WL 3835808\*5 n.3 (D. N.M. 2017). Furthermore, it was the Debtor who first publicized and thus waived any privacy with regard to what might be considered personal health information by attaching copies of the Discharge Instructions to his pleading in the Tenth Circuit.

are not privileged or confidential.[3]  The Court cannot "find that the interest in secrecy outweighs the presumption in favor of access."  *In re General Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995); *Bank of America National Trust and Savings Association v. Hotel Rittenhouse Associates*, 800 F.2d 339, 345 (3rd Cir. 1986). Accordingly,

**IT IS ORDERED** that Debtor's *Motion to Submit Injury Record to Show Paralyzed State of Agrawal Under Seal* filed by the Debtor on August 1, 2018, [Doc. 272] is hereby **Denied.**

# # #

---

[3] The photographs also do not fall within the purview of 11 U.S.C. §107 which provides that the bankruptcy court may keep from the public access " a trade secret or confidential research, development or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."