**Dated: October 4, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KHRISHNA KUMAR AGRAWAL, | ) | Case No. 16-11253-JDL |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |

### ORDER TO SHOW CAUSE WHY DEBTOR SHOULD NOT BE DECLARED A "VEXATIOUS LITIGANT" AND A SCREENING ORDER BE ENTERED

This matter comes on for consideration, *sua sponte*, for an *Order to Show Cause Why Debtor Should Not Declared A "Vexatious Litigant" and a Screening Order Be Entered* (the "Order"). This matter is before the Court because the Debtor, Krishna (Kris) Kumar Agrawal ("Agrawal") has engaged in the filing of repetitive, frivolous, barely comprehensible pleadings characterized by scurrilous attacks upon judges, counsel, parties and non-parties. Agrawal has been continuously admonished for his disregard of the provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Rules of this Court and that his continuation in doing so would result in the imposition of sanctions. In light of Agrawal's behavior the Court finds it necessary to consider

implementing such orders as are appropriate to control the conduct of a vexatious litigant, including the implementation of a "Screening Order" requiring Agrawal to obtain leave/authorization from the Court prior to filing any further pleadings.

Pursuant to 28 U.S.C. §1651(a), referred to as the "All Writs Act", "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable usages and principles of law."  Federal courts have discretion to enjoin parties from frivolous litigation under the All Writs Act.  See e.g. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) ("A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents. (Citations omitted).****  There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)); *Chandler v. O'Bryan,* 445 F.2d 1045, 1056 (10th Cir. 1971) (federal court has power to enjoin harassing and vexatious litigation in appropriate circumstances) *cert. denied*, 405 U.S. 964, 92 S.Ct. 1176 (1972); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre–filing orders against vexatious litigants with abusive and lengthy histories of litigation.").

Bankruptcy courts, being courts established by Act of Congress, "have the power to regulate vexatious litigation pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 1651." *In re*

*International Power Securities Corp.*, 170 F.2d 399, 402 (3d Cir.1948); *In re Armstrong*, 309 B.R. 799 (10th Cir. BAP 2004) ("abuses of the court system and vexatious litigation may warrant the imposition of filing restrictions and conditions"); *Winslow v. Hunter (In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994); In *re GTI Capital Holdings, LLC*, 420 B.R. 1, 11 (Bankr. D. Ariz. 2009); *In re Stanwyck*, 450 B.R. 181, 200 (Bankr. C.D. Cal. 2011).

Bankruptcy courts have noted that 11 U.S.C. § 105(a), which empowers the bankruptcy courts to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title... or to prevent an abuse of process," was an "Intentionally broad grant of authority" to the bankruptcy courts "in order to facilitate the orderly administration of bankruptcy cases." *In re Howell*, 4 B.R. 102, 105 (Bankr. M.D. Tenn. 1980). The *Howell* court even suggested that "[t]he power contained in § 105 is arguably more extensive than that contained in the All Writs Statute, 28 U.S.C. § 1651. *Id.* See also *In re Meltzer*, 535 B.R. 803, 821 (Bankr. N.D. Ill.2015) (Federal courts have the power to protect their dockets from abusive litigants, and that "[b]ankruptcy courts are granted that same authority in section 105(a) of the Bankruptcy Code...which confers 'broad powers ... to prevent an abuse of the bankruptcy process'").

Considering the constitutional underpinnings of the general right to court access, "'pre-filing orders should rarely be filed,' and only if courts comply with certain procedural and substantive requirements'". *Ringgold-Lockhart,* 761 F.3d 1057, 1062 (9th Cir. 2014). "Courts should not enter pre-filing orders with undue haste because sanctions can tread on a litigant's due process right of access to courts." *Molski,* 500 F.3d at 1057. Furthermore, the court should exercise particular caution for using such measures against

3

a *pro se* plaintiff. *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.1980); *In re Greenstein*, 576 B.R. 139 (Bankr. C.D. Cal. 2017). That being said, the right of access to the courts is neither absolute nor unconditional, *Tripati,* 878 F.2d at 353, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. *Id.* (citing *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir. 1981)), cert. denied 450 U.S. 985, 101 S.Ct. 1524 (1981). "No one, rich or poor, is entitled to abuse the judicial system." *Id*. (citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)). That a vexatious litigant is *pro se* offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, NA*, 808 F.2d 358, 359 (5th Cir. 1986).

Agrawal's *pro se* Motions which have been stricken and Show Cause Orders include[1]:

1. *Motion of Putative Debtor to Vacate All Void Orders of This Court Acquired Without Jurisdcitioin of This Court by the Petitioning Crditors* [Doc. 86]. *Order Striking Debtor's Motion* dated April 6, 2017 [Doc. 87]. The Motion was stricken due to non compliance with Local Rule 9013-1(G) and filed *pro se* when he had counsel of record. Agrawal was admonished that if he continued to represent himself *pro se* he must follow the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules and all orders of the Court.

2. *Motion for Relief from Automatic Stay* [Doc. 80]. *Order Striking Motion For Relief from Automatic Stay* dated April 25, 2017 [Doc. 93]. The Motion was stricken as Agrawal was requesting relief for non-debtor parties, to which he claimed the automatic stay was applicable.

3. On May 3, 2017, *Order to Show Cause* entered why Agrawal should not be held in contempt for failure to file Schedules and other documents. [Doc. 100]. Debtor had been directed to file schedules by April 11, 2017. [Doc. 82].

---

[1] Title's to Agrawal's pleadings are reproduced herein as set forth in filed pleadings, including all grammatical errors and misspellings.

4. *Entry of Appearance, Notice of Opportunity for Hearing and Motion for Trustee to Assist* [Doc. 137]. *Order Striking Pleading* dated September 28, 2017 [Doc. 139]. This was a rambling confusing pleading consisting of sixty-two (62) pages. Agrawal was admonished again that if he continued to represent himself *pro se* he had to follow the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and all orders entered by the Court.

5. *Motion for Summary Judgment And Declaratory Ruling Against Christopher Holland Since He was Overpaid And Application to Enjoin Christopher Holland As A Creditor Since His Judgment Was Discharged In the Bankruptcy of Geo Exploration, LLC Or Became Stale And Not Enforceable* [Doc.144]. This Motion claimed that Chris Holland violated the automatic stay in another bankruptcy case and sought the recusal of the judge. *Order Overruling Motion for Summary Judgment* was entered on numerous grounds, including that the Motion was patently frivolous and once again failed to comply with Local Rule 9013-1(B) which prohibits multiple requests for relief in a single Motion [Doc. 149].

6. *Objection to Extension of Dead Lines and Motion for Sanctions Against Jeffery Tate and Motion to Dismiss Bankruptcy*. [Doc. 148]. Agrawal's Objection was stricken as violating Local Rule 9013-1(B). [Doc. 151]. Agrawal's Objection included allegations (1) that "Jeffery Tate, like wise other CO&G attorneys has been committing fraud upon this Court from the beginning". [Doc. 148, ¶ 17]; (2) "This is such nonsense which deserves Sanctions by this Court in the amount of $100,000 against Tate for such an outlandish claim in the Public forum tainting Agrawal as a Forgerer" [Doc. 148, ¶ 19]; (3) "All the CO&G Lawyers are unethical and outright LIARS." [Doc. 148, ¶ 23].

7. *Motion to Re-Consider All Orders of This Court as They Are Affected by These Attachments and Dismiss Bankruptcy*. [Doc. 157]. The Motion alleges that CO&G committed "the fraud upon Court, is such that this Court also fell Pray of CO&G/Parent/Ron Walker fraud of stealing thru a Lawyer, Jeffery Tate." [Doc. 157, ¶ 9]. *Order Striking Pleading* was entered November 9, 2017 [Doc. 158]. The Order was entered based on Agrawal's failure to follow Local Rules and reminding him that he had been previously admonished to follow all rules of the Court.

*8. Emergency Application to Vacate the Order Dated March 27, 2017 and Reinstate Appeal to Consider New Facts to Dismiss Involuntary Bankruptcy and to Turn Over the Matter to the U.S. Attorney General for Further Action.* [Doc. 171]. *Order Striking Emergency Application to Vacate Order to Reinstate Appeal* was entered December 14, 2017 [Doc. 172]. The Application/Motion sought the Bankruptcy Court to vacate an order dismissing appeal entered by the U.S. District Court for the Western District of Oklahoma.

9. *Debtors' Emergency Motion to Enforce the Automatic Stay and Shorten Time for Hearing* [Doc. 169]. *Order Denying Debtor's Emergency Motion to Enforce Automatic Stay* was entered December 14, 2017 [Doc. 173]. This was the second Motion within two months that Agrawal sought relief for matters that related to the bankruptcy of another

debtor closed more than five years ago. The Motion also sought to hold the Oklahoma Corporation Commission in civil contempt and impose sanctions against it and for an order directing the Corporation Commission to "transfer any wells that GEO purchases to put in production" and for the Court to declare that $7,000 abandoned in the GEO bankruptcy be declared no longer an obligation of GEO." [Doc. 169 ¶ ¶ 34-36, 38].

10.  *Notice of Appeal to the 10th Circuit Appellate Panel* [Doc. 179]. The pleading states "[t]his notice is being prepared at a FED EX location lacking any facility for research to cite the Opinion of this Court, which appears to have invited a new thinking to have this matter decided by the 10th ckt  Appellate Panel."  *Order Striking Pleading* was entered with the Court stating that "while it is often difficult for this Court to divine Debtor's legal arguments and the home-made procedural rules under which he operates, it appears that he is attempting to appeal" the District Court's dismissal of one of his appeals. [Doc. 182].

11.  *Motion to Require Disclosure of Assets and to Recover Them and to Turn Over the Matter of Theft to the U.S. Attorney General for Further Action. Motion to Lift Stay Was Denied*  [Doc 189].  *Order Denying Debtor's Motion for Miscellaneous Relief* was entered January 24, 2018 [Doc. 196].  Among other things, the Motion requested that the Court make a criminal referral against one of the creditors' two principals. The Court in denying the Motion, noted that this is "another of the Debtor's discursive and incoherent pleadings" and the "Motion violates the Local Rules of this Court on several grounds and could be stricken on that basis alone but its major infirmity, besides being largely incomprehensible, is that it does not provide a basis for this Court affording the Debtor any relief."

12.  *Debtor's Motion for Mandatory Dismissal of Involuntary Bankruptcy Petition*. [Docs.190 and 192].  *Order Striking Debtor's Motion For Mandatory Dismissal of Involuntary Petition* was entered January 24, 2018 [Doc. 197].  The Motion and amendment were stricken on multiple procedural grounds and Agrawal was further admonished that his "actions continuing to ignore the admonitions of the Court will result in sanctions as are appropriate to enforce or implement court orders or rules, or to prevent any further abuse of process."

13.  *Motion for Relief from the Stay [Non-Debtor State Regarding Exempt Property]* [Doc. 204].  Despite its title, the Motion contained no reference to "exempt property".  Among other things, the Motion "seeks relief to clear his name and let the real party in interest go forward with their case and seeks termination of the automatic stay to allow Real Party in Interest to hire attorneys to pursue the cases." [Doc. 204, pg. 3 of 171, ¶ ¶16 & 17].  The Motion further alleges that "[t]his Court has become the sanctuary for the THUGS." [Doc. 204 , pg. 4 of 171 ¶ 23].  *Order Striking Motion to Lift Stay* was entered February 16, 2018 [Doc. 214] on multiple grounds, including failure to comply with Local Rule 9013-1(G).  Once again, the Order admonishes Agrawal to follow the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

14. *Emergency Motion to Reconsider Order Striking Motion to Lift Stay* [Doc. 221]. *Order Striking Debtor's Emergency Motion to Reconsider* was entered on March 1, 2018 [Doc 226]. The Motion alleges among other things: (1) "There is something wrong with the

Courts readings and mailing or scanning and finding excuse to deny all motions without any basis."; (2) "Who is writing these orders is a person who is not reading the contents of even such a simple motion, this time purposely made in very simple in 7th graders language ...." (3) "This trend appears to be abusive all along by Non–Article 3 Court; who is running this Court? Is unknown." (4) "Obviously there is something else wrong, hidden beyond COURT being Bias all along" and that there is legislation "to curtail discrimination which is faced by Agrawal due to his Brown skin...". The Motion was stricken on the ground that it failed to comply with Local Rule 9013-1(G). The Court's Order also noting that "any inclination on the part of the Court to be lenient in the enforcement of rules due to the Debtor's *pro se* status has been exhausted by the Debtor's consistent disregard of the Court's instructions and admonitions to comply with the rules."

15. *Motion to Dismiss Complaint Due to Fraud of Petitioning Creditors and Jeffery Tate Requiring His Disbarment and Motion for Summary Judgment*. [Adv. No. 18-1005, Doc. 5]. The Motion included requesting the disbarment of the Plaintiff Creditors' attorney and summary judgment "to show the theft and criminal conduct" of two principals of the creditor. *Order Striking Motion* was entered February 28, 2018 [Adv. Doc. 6; Doc. 224] on several grounds, including failure to comply with Local Rules 9013-1(B) and (G). Agrawal once again was admonished to follow the Code and Rules, and the failure to do so will result in sanctions or other orders to prevent abuse of process.

16. *I. Motion to Strike Petitioning Creditors Objection to Debtor's Motion to Certify That Two Attached Orders Are Final Orders For Appeal With Brief In Support And Debtors Response To Petitioning Creditors Objection To His Motion To Certify Final Appealable Orders* [Doc. 230]. Suffice it to say this Motion alleges that numerous persons are liars, thieves, drug dealers, fraudsters and forgers, among other things. The Motion also asserted that "Judge Lloyd (sic) has surmised that Agrawal is fond of litigation. That is baseless." [Doc. 230, ¶ 10].

17. *Debtors' Emergency Motion to Enforce the Automatic Stay Against Angela Bell of Kazlow Field and to Assess Monetary Damages of $4,000 and Other Relief* [Doc. 249]. *Order Denying Debtor's Motion for Miscellaneous Relief* was entered April 30, 2018 [Doc. 263] in which the Court noted that "for at least the third time, Debtor seeks relief for matters that relate to the bankruptcy of another debtor, GEO Exploration, LLC, closed more than five years ago."

18. *Emergency Motion for Summary Judgment For Repeated Wilful Violation Of Automatic Bankruptcy Stay (Injunction) of Kris K. Agrawal By Richard V. Ogden, James B. Croy, Aletia Haynes Timmons, And Fraud of Chris Holland, And Daniel Delluomo*. [Adv. Case No. 18-1066, Doc. 12]. *Order Striking Emergency Motion for Summary Judgment* was entered August 9, 2018. [Adv. 18-1066, Doc. 16]. The Motion sought summary judgment against three State District Court Judges and a third party and his attorney. The Motion was stricken because it was not only procedurally and substantively infirm but also nearly incomprehensible. The Motion was filed eight days after the adversary was initiated and

7

even before service was had upon at least eight of the nine defendants.  The Motion also did not comply with Local Rule 7056-1(B) and Fed.R.Bankr.P. 7008.

19. *Motion to Reconsider the Following Orders Due to Legal Errors by Misreading of Request to Submit Injury Documents Under Seal And To Strike All Motions Of CO&G Production Group, LLC And Spoon Resources, LLC. Who Were Not Business Entitities Or Did Not Have Legal Standing In This Case To File Anything And To Dismiss Involuntarey Bankruptcy & Notice Of Opportunity For Hearing*. [Adv. 18-1005, Doc. 32]. The Motion sought to have the Court reconsider three of its prior orders, one in the Lead Case and two in the Adversary Proceeding.  Among many things in this Motion, Agrawal alleged that "many doctors kill the patient because they do not fully understand what they are doing or to do, just like Lawyers who are special because Courts will protect them for their egregious and heinous acts of violence upon Courts, like in this case." [Adv. 18-1005, Doc. 32, ¶ 2]. The Motion also included photographs of the late world-renowned physicist Stephen Hawking in a wheelchair due to his suffering from amyotrophic lateral sclerosis. [Adv. 18-1005, Doc. 32, ¶ 7].  These photographs were included by Agrawal ostensibly to show the degree of paralysis which he (Agrawal) claimed to have which prevented him from timely responding to pleadings.

The above discussion of the various motions filed by Agrawal which the Court has stricken do not include all Motions which he has filed, nor do they even come close to detailing the scurrilous and scandalous allegations which he has made in those motions. Nor does the discussion include the length of the Motions and attachments.  Several of the motions far exceed the page limitations under the Local Rules, and the exhibits/attachments to several of the motions are in excess of 100 pages.

The Oklahoma District Court docket sheets reflect that Agrawal has been a party to well over 100 lawsuits, including twenty-two (22) in Cleveland County, sixty-one (61) in Oklahoma County, forty-seven (47) appellate cases in the Oklahoma Court of Civil Appeals or Supreme Court (as a petitioner or appellant) and sixteen (16) cases as a plaintiff in the United States District Court for the Western District of Oklahoma.[2]  Litigiousness alone will

---

[2] The Court is entitled to take judicial notice of both its own docket sheets and the state court docket sheets.  *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and

not support an injunction restricting filing activities. *Tripati*, 878 F.2d at 353; *In re Oliver*, 682 F.2d 443 (3rd Cir. 1982). However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth. *Tripati,* 878 F.2d at 353; *Ringgold-Lockhart,* 761 F.3d at 1062 (quoting *De Long v. Hennessey,* 912 F.2d 1144, 1147-48 (9th Cir. 1990)).

Agrawal has sued the United States Department of Interior, the Governor for the State of Oklahoma, the Oklahoma Tax Commission, the Oklahoma Department of Labor, the Oklahoma Commissioner of Labor, the Oklahoma Bar Association, the Oklahoma County Commissioners, the "Courts of Oklahoma", more than ten (10) attorneys, and at least three State District Court judges (two of the same judges sued in both Federal Court and Bankruptcy Court, with one judge sued twice in Federal District Court and once in Bankruptcy Court with dismissals in each of the cases). Agrawal has certainly caused needless expense to many of the defendants he has pursued in these cases as well as in the cases before this Court. His conduct has also imposed unnecessary burdens on this Court, detracting from its ability as an institution to deal with the cases of litigants who are using the Court for its intended purpose of resolving genuine controversies within its jurisdiction.

The record is more than adequate to demonstrate Agrawal's repeated abuses of the system and the great expense and effort to all concerned, and that filing restrictions should

---

certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Adams v. Watts,* 2009 WL 5101759 (W.D. OK. 2009) (taking judicial notice of the public records of the District Court of Comanche County available on the Internet); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. OK. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 79 Fed.Appx. 383, 391 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R.Evid. 201).

be considered. Additionally, the Court's striking of pleadings and repeated warnings that Agrawal should mend his ways have not proven sufficient to prevent his disregard of the rules. There is every reason to expect more of the same from Agrawal unless the Court acts to impose further sanctions, including restricting Agrawal's filing of pleadings in violation of the Bankruptcy Code, the Fed.R.Bankr.P., the Local Rules or containing meritless claims or scurrilous material. Moreover, the proposed restrictions and conditions being considered by the Court will not bar Agrawal's access to the courts. The restrictions would be carefully designed to prevent Agrawal from prosecuting or raising repetitious or clearly non-meritorious claims and arguments.

In considering whether to restrict a litigant's filing of pleadings the courts should consider four factors before an order is entered: (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the Court must compile an adequate record for review; (3) the court must make substantive findings about the frivolousness or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order must be narrowly tailored to closely fit the specific device encountered. *De Long*, 912 F.2d at 1147-48; *In re Stanwyck,* 450 B.R.181, 200 (Bankr. C.D. Cal. 2011); *In re GTI Capital Holdings, LLC,* 420 B.R. 1, 12 (Bankr. D. Ariz. 2009). Accordingly,

**THE COURT HEREBY GIVES NOTICE TO DEBTOR KRISHNA "KRIS" AGRAWAL TO SHOW CAUSE** why the Court should not enter an Order in substantially the form as follows for any actions, papers, or other materials attempted to be filed by Krishna Kumar Agrawal in the United States Bankruptcy Court for the Western District of Oklahoma on or after the date of this Order:

1. The clerk shall create and maintain a miscellaneous file with the general title "In re Krishna Kumar Agrawal." The miscellaneous file shall serve as the repository of this Order, all documents proffered for filing by Agrawal covered by the terms of this order for which authority to file is not granted, and any order or minute order entered pursuant to this order. The clerk shall also maintain a miscellaneous docket associated with the file. All orders retained in the file shall be entered on that docket following standard docketing procedures. A brief entry shall be made on the docket indicating the receipt of any materials from Agrawal.

2. Whenever Agrawal proffers a document for filing, the clerk or the designated deputy shall accept the papers, stamp them "received" (rather than "filed") and forward them to the undersigned judge for review.

3. The Court will examine any documents tendered by Agrawal and determine whether or not they should be filed. The court will deny leave to file the documents that are merely duplicate of matters already litigated or currently pending, legally frivolous, contain scurrilous or scandalous material or do not comply with the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure or the Local Rules for the United States Bankruptcy Court for the Western District of Oklahoma.

4. If the court enters an order denying leave to file the materials, the Court shall retain the order and a copy of the materials in the miscellaneous file and cause a copy of the order to be mailed to Agrawal.

5. If the court enters an order granting leave to file the materials, the clerk shall cause the materials to be stamped "filed" as of the date of the order and shall cause the assignment of the case in the manner provided by local rules. The clerk shall also

cause a copy of the order to be mailed to Agrawal.

      6. This screening requirement shall not apply to filings appealing from this order. This order may be modified as the requirements of equity may demand. This order shall expire on October 3, 2019, without further order of this Court, but if the order does not accomplish its intended purpose, the court may consider modifying or extending the order.

      7. The clerk shall mail a copy of this order to Agrawal at 4133 N. Lincoln Blvd., Oklahoma City, OK 73105, by certified or registered mail, return receipt requested and by regular first-class mail.

**IT IS ORDERED that the Debtor, Krishna Kumar Agrawal, a.k.a. Kris Agrawal, appear before Chief United States Bankruptcy Judge Janice D. Loyd, at 2:00 P.M. on the 25th day of October, 2018, in the Second Floor Courtroom, United States Bankruptcy Court House, 215 Dean A. McGee, Oklahoma City, Oklahoma 73102, and show cause, if any there be, why the court should not impose the above written restrictions conditioning or restricting said Debtor's filing of future pleadings in this Court.**

# # #